UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Legacy IMDBS, Inc. et al.,[1]<br><br>Debtors. | Bankruptcy Case No. 23-10852<br>(United States Bankruptcy Court for the District of Delaware, Jointly-Administered Chapter 11) |
| IV Media, LLC, a Minnesota limited liability company, and IV Media Properties, LLC, a Minnesota limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>Pontus IMB Portfolio, LLC, a Delaware limited liability company, and Pontus Net Lease Advisors, LLC a Delaware limited liability company,<br><br>Defendants. | Adv. Pro. _____<br><br>**NOTICE OF REMOVAL** |

Defendants Pontus IMB Portfolio, LLC, and Pontus Net Lease Advisors, LLC (together, the "**Defendants**") submit this Notice of Removal of the above-referenced action (the "**IV Media Action**"), which is Case No. 0:25-cv-01358-JMB-ECW, from the United

---

[1] The debtors in these Chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: ValueVision Media Acquisitions, Inc. (8670); Legacy IMBDS, Inc., formerly known as iMedia Brands, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642)

1

States District Court for the District of Minnesota (the "**District Court**") to the United States Bankruptcy Court for the District of Minnesota (the "**Bankruptcy Court**") under Federal Rule of Bankruptcy Procedure 9027 and 28 U.S.C. §1452, and state as follows:

1. Congress vested all original jurisdiction over bankruptcy cases in the United States District Courts. 28 U.S.C. §1334(a).

2. Congress further provided that the United States District Courts can refer all cases in bankruptcy and any and all related proceedings arising under, in, or related to cases in bankruptcy, to the United States Bankruptcy Courts. 28 U.S.C. §157(a).

3. Section 157 of Title 28 of the Unites States Code provides that: "Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." *Id.*

4. The District Court has promulgated a long-standing Local Rule of Bankruptcy Procedure stating that "[a]ll bankruptcy cases and proceedings, including any claim or action under §1452 or Federal Rule of Bankruptcy Procedure 9027, are referred to the bankruptcy judges [of the United States Bankruptcy Court for the District of Minnesota] and shall be assigned among them according to orders made by them." *See* Minnesota Local Bankruptcy Rule 1070-1.

5. Accordingly, until and unless the reference of jurisdiction to the Bankruptcy Court is withdrawn by an Order of the District Court, all jurisdiction over bankruptcy matters resides with the Bankruptcy Court.

6.  Federal Rule of Bankruptcy Procedure 9027 provides that a notice of removal must be filed within "30 days after receiving (by service or otherwise) the initial pleading setting forth the claim or cause of action sought to be removed." Fed. R. Bankr. P. 9027(a)(3).

7.  The complaint commencing the IV Media Action in the Minnesota District Court was served on Defendants on April 14, 2025, and was assigned Case No. 0:25-cv-01358-JMB-ECW, making this Notice of Removal timely submitted. *See* Exhibit A, Summons Proof of Service.

8.  Removal from the District Court to the Bankruptcy Court as provided in Federal Rule of Bankruptcy Procedure 9027 is appropriate here. First, as alleged in the Complaint, Plaintiffs IV Media, LLC and IV Media Properties, LLC acquired substantially all of the assets of the debtors in *In re iMedia Brands, Inc., et al.*, Court File Number 1:23-bk-10852-KBO (Bankr. D. Del.) (the "**iMedia Bankruptcy Case**") as a result of certain transactions approved in the iMedia Bankruptcy Case. The claims at issue allegedly stem from transactions in the iMedia Bankruptcy Case, including, as alleged, a sale under 11 U.S.C. § 363 and assumption and assignment of a lease under 11 U.S.C. § 365. *See* Exhibit A, Complaint. The chapter 11 iMedia Bankruptcy Case remains pending in the United States Bankruptcy Court for the District of Delaware.

9.  Second, all alleged claims in the Complaint in the IV Media Action arise under the Bankruptcy Code, including claims under Sections 544 and 548 of the Bankruptcy Code (Counts I-IV) and a claim for declaratory judgment that seeks a declaratory judgment based on a requested interpretation of Section 365(e) of the

3

Bankruptcy Code (Count V) related to lease assumption and a sale of assets under Section 363 of the Bankruptcy Code that took place in the iMedia Bankruptcy Case.

10. The Bankruptcy Court has jurisdiction over the claims asserted in the IV Media Action, as the claims and cause of action are either: (i) core proceedings under 28 U.S.C. § 157(b)(2), which concern claims arising under the Bankruptcy Code, the interpretation of the Bankruptcy Code, or orders entered in a bankruptcy proceeding regarding the sale of property, or (ii) are non-core proceedings under U.S.C. § 157(c)(1) but nonetheless related to the iMedia Bankruptcy Case and orders entered therein.

11. Upon removal of the IC Media Action to the Bankruptcy Court, Defendants shall consent to the entry of final orders or judgment by the Bankruptcy Court.

12. In accordance with Federal Rule of Bankruptcy Procedure 9027(a)(1)(C), copies of all process and pleadings filed in the IV Media Proceeding in the District Court are attached and submitted with this Notice as **Exhibit A**.

13. As provided in Federal Rule of Bankruptcy Procedure 9027(g), the Defendants answer or time to present other defenses and objections is the longer of "(A) 21 days after receiving—by service or otherwise—a copy of the initial pleading that sets forth the claim for relief; (B) 21 days after a summons on the original pleading was served; or (C) 7 days after the notice of removal was filed." Fed. R. Bankr. P. 9027(g).

14. No admission of fact, law, or liability is intended by this Notice of Removal, and all defenses, motions, counterclaims, and pleas are expressly reserved.

Dated: May 2, 2025

*/s/ Christopher J. Harayda*
Christopher J. Harayda (#0390333)
**STINSON LLP**
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 335-1500
c.j.harayda@stinson.com

***ATTORNEY FOR DEFENDANTS
PONTUS IMB PORTFOLIO, LLC AND
PONTUS NET LEASE ADVISORS, LLC***